UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDI SIMPKINS-WAYS,
    Plaintiff,

v.                                            Case No. 12-15061
                                            Honorable Patrick J. Duggan

FIDELITY BANK,
    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF TO STAY STATE DISTRICT COURT EVICTION PROCEEDINGS

On November 13, 2012, Plaintiff Wendi Simpkins-Ways ("Plaintiff") filed a complaint against Defendant Fidelity Bank ("Fidelity") in the Circuit Court for Wayne County, Michigan. In her Complaint, Plaintiff challenges the assignment of the mortgage on real property located at 15545 Meadow in Southgate, Michigan ("Property"), and seeks an order granting her all legal title to the Property. On November 15, 2012, Fidelity removed the action to federal court on the basis of diversity jurisdiction. Plaintiff filed an emergency motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 on November 25, 2012, to which Fidelity filed a response the following day. The Court concludes that oral argument will not aid in its disposition of Plaintiff's motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court denies Plaintiff's motion.

I.      **Factual and Procedural Background**

On December 12, 2003, Plaintiff obtained a mortgage loan from Pioneer Mortgage ("Pioneer") in the amount of $231,200.00. (Compl. Ex. A.) As security for the loan, Plaintiff executed a promissory note in the amount of the loan and granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Pioneer and Pioneer's successors and assigns. (*Id*.) The mortgage was recorded with the Wayne County Register of Deeds on January 5, 2004. (ECF No. 3 Ex. A; *see also* Pl.'s Mot. at 7.) Plaintiff alleges that her mortgage note was securitized. (*See* Compl. ¶ 15.) On January 14, 2008, MERS assigned the mortgage to Fidelity. (ECF. No. 3 Ex. B.) The assignment to Fidelity was recorded with the Wayne County Register of Deeds on February 8, 2008. (*Id*.)

Plaintiff defaulted on the loan and Fidelity thereafter initiated foreclosure by advertisement proceedings with respect to the Property. (Compl. ¶ 31; Ex. B.) A foreclosure/housing counselor notice was published in the Detroit Legal News on January 15, 2010. (*Id*.) On June 14, 21, and 28 and July 5, 2010, notice of the foreclosure sale also was published in the Detroit Legal News. (*Id*.) The notice of foreclosure sale was posted at the Property on June 18, 2010. (*Id*.) A sheriff's sale occurred on July 14, 2010, with Fidelity successfully bidding on the Property. (*Id*.)

The redemption period with respect to the Property expired on January 14, 2011, with Plaintiff failing to redeem. (*Id*.; ECF No. 3 Ex. F at 1.) Fidelity then initiated summary proceedings in Michigan's 28th District Court to obtain possession of the Property. The state district judge entered a judgment of possession on February 23, 2011.

(ECF No. 3 Ex. D.)

Plaintiff thereafter filed an appeal to the circuit court in which she challenged the foreclosure based on the Michigan Court of Appeals' decision in *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2011). (Compl. ¶¶ 35, 36.) After the Michigan Supreme Court reversed the court of appeals' decision in *Saurman*, 490 Mich. 877, 803 N.W.2d 693 (2011), the circuit court affirmed the lower court's judgment of possession with respect to the Property. (ECF No. 3 Ex. E.) Plaintiff filed a motion for reconsideration, which the circuit court denied on November 9, 2012. (*Id.* Ex. F.) As indicated earlier, on November 13, 2012, Plaintiff filed the current action.

In her Complaint, Plaintiff alleges a single claim to quiet title to the Property. She asserts that any interest claimed by Fidelity is invalid and lists several reasons why:

    A.    During the securitization process, the security interest (mortgage) was severed from the note rendering the mortgage invalid;

    B.    The endorsement in blank did not create a valid security interest and thus the mortgage, in its original form or as assigned, is invalid;

    C.    The initial recording of the mortgage by MERS invalidates any security interest as it relates to foreclosure and improper title exists for any current security interest due to the initial recording being made by MERS;

    D.    Violations of the pooling agreement in the underlying trust have severed the mortgage from the note invalidating the security interest;

    E.    Defendants and other unnamed parties have violated Articles 3 and 9 of the Uniform Commercial Code as adopted in Michigan invalidating the security interest, i.e., the mortgage on the Property; and

    F.    Other acts of the Defendant and unnamed parties that become [sic] known through ongoing discovery.

(Compl. ¶ 42.) Plaintiff therefore asks the Court to "[d]eclare any mortgage in the Property as initially recorded by MERS to be invalid and unenforceable" and to "[i]ssue an Order discharging the invalid mortgage interest and Sheriff's Deed recording on the Property . . . ."[1] (*Id* ¶ 46.)

As mentioned earlier, Fidelity removed Plaintiff's Complaint to federal court and Plaintiff then filed the pending emergency motion for injunctive relief. Specifically, Plaintiff asks the Court to enjoin the writ of eviction until her quiet title claim is adjudicated.

## II.    Preliminary Injunction Standard

The four factors a court considers in determining whether injunctive relief should be granted are well-established:

> "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

*Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012) (quoting *Chabad of S. Ohio v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir.1997))).

---

[1] Plaintiff also asks the Court to enjoin any foreclosure proceedings pending this litigation; however, the foreclosure proceedings terminated long ago.

"'Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.'" *Id*. (quoting *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000)).

### III. Analysis

This Court finds the first factor of the preliminary injunction analysis dispositive of Plaintiff's motion. Plaintiff is not likely to succeed on the merits of her quiet title claim.

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id*. § 600.3236. At that time, the mortgagor may undo the sale *only* by demonstrating fraud, accident, or mistake. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 54, 503 N.W.2d 639, 643 (1993). Specifically, "there must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by the defendant." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, No. 11-2444, 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000)); *see also Overton v. Mortg. Elec. Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Plaintiff's only challenge to the foreclosure, itself, concerns Fidelity's authority to initiate those proceedings.

In Michigan, foreclosure sales by advertisement are governed by statute. "Once

the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Senters*, 443 Mich. at 50, 503 N.W.2d at 641. Pursuant to the statute, in addition to the mortgagee, the holder of the note and the servicing agent of the mortgage may initiate foreclosure proceedings. *See* Mich. Comp. Laws § 600.3204(1)(d) ("The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."); *see also Saurman*, 490 Mich. at 910, 805 N.W.2d at 184 (finding that "the Legislature's use of the phrase 'interest in the indebtedness' [in section 600.3204(1)(d)] to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who 'own[ ] the indebtedness' and parties who act as 'the servicing agent of the mortgage.'") Therefore, to the extent Plaintiff is arguing that the foreclosure was unlawful because Fidelity is not the holder of the note (*see* Pl.'s Mot. at 13), the argument is meritless.[2]

Fidelity had the right to initiate foreclosure by advertisement proceedings as the mortgagee. It was assigned the mortgage from MERS. While Plaintiff attacks the assignment in her Complaint and pending motion, the basis for her attack fail.

---

[2]In her motion, Plaintiff states that "[i]t is an axiomatic statement of the law that [the] holder in due course of a mortgage note must also be the party that actually forecloses on the real property." (Pl.'s Mot. at 12.) In Michigan, however, this in fact is not the law. *See Saurman, supra*; *see also Murray v. New York Mortg. Co.*, No. 12–12452, 2012 WL 5830245, at *7 (E.D. Mich. Nov. 16, 2012) (collecting cases).

Plaintiff argues that the assignment was invalid because the securitization process split the mortgage from the note. This is the same challenge that Plaintiff raised in the summary proceedings in state court based on the Michigan Court of Appeals' decision in *Saurman*. Because that decision subsequently was reversed by the Michigan Supreme Court, the circuit court rejected Plaintiff's appeal and affirmed the judgment of eviction. For this reason, alone, Plaintiff is barred from re-litigating the issue here. In any event, this Court would find no merit to Plaintiff's argument as the Michigan Supreme Court specifically held in *Saurman* that separating the note from the mortgage does not invalidate the right to foreclose. 490 Mich. at 910, 805 N.W.2d at 185 ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands.").

Plaintiff also appears to be challenging MERS' interest in the mortgage before it assigned the instrument to Fidelity as a result of the various transfers and assignments of ownership interests that she claims regularly occur but are not recorded when a mortgage note is securitized. (*See* Pl.'s Mot. at 8-9.) To the extent Plaintiff is complaining about the lack of a record chain of title reflecting purported transfers of the note, itself, this would not demonstrate a fraud or irregularity in the foreclosure proceedings. With respect to those proceedings, according to the statute, the Court need only be concerned with whether a record chain of title existed prior to the Sheriff's Sale reflecting a transfer of the mortgage from the original mortgagee to the foreclosing party. *See* Mich. Comp.

Laws § 600.3204(3) ("If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section [600].3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."). Plaintiff does not dispute that the assignment from the original mortgagee, MERS, to the foreclosing party, Fidelity, was recorded with the Wayne County Register of Deed prior to the Sheriff's Sale. To the extent Plaintiff is challenging the validity of the assignment itself, Plaintiff has standing to raise only limited challenges to the assignment and those are not the challenges she raises here.

The Sixth Circuit and the Michigan Supreme Court have held that a debtor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void," but otherwise, "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (quoting 6A C.J.S. Assignments § 132 (2010); *Bowles v. Oakman*, 246 Mich. 674, 677, 225 N.W. 613, 614 (1929)). The Sixth Circuit stated further that the defenses available to a non-party to the assignment "include nonassignability of the instrument, [the] assignee's lack of title, and a prior revocation of the assignment . . . ." *Id*. The court explained that "[o]bligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice." *Id*.

Here, Plaintiff does not allege that the mortgage was not assignable or that there had been a revocation of the assignment. Plaintiff also does not raise a legitimate

8

challenge to MERS' title following the Michigan Supreme Court's decision in *Saurman*. MERS had the specific authority created by the mortgage to act as the mortgagee and, consequently, to assign the mortgage to Fidelity. (Compl. Ex. A.)

In short, once the redemption period expired, Fidelity, as purchaser of the Sheriff's Deed, became vested with "all right, title, and interest" in the Property. Plaintiff fails to demonstrate fraud or irregularity in the foreclosure proceedings to undo the sale. As such, she cannot demonstrate a likelihood of success with respect to her quiet title claim– the only claim alleged in her Complaint. Plaintiff therefore is not entitled to a preliminary injunction.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Emergency Motion for Injunctive Relief to Stay State District Court Eviction Proceedings is **DENIED**.

Dated: November 30, 2012   s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Patrick J. Politano, Esq.
Courtney A. Krause, Esq.