UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDI SIMPKINS-WAYS,

Plaintiff,

v.

Case No. 12-15061
Honorable Patrick J. Duggan

FIDELITY BANK,

Defendant.
_______________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

This is an action arising from the foreclosure of Plaintiff Wendi Simpkins-Ways' residential property. Presently before the Court is Defendant Fidelity Bank's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 21, 2012. Plaintiff filed a response to the motion on December 17, 2012. The Court concludes that oral argument will not aid in its disposition of the motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendant's motion to dismiss.

## I. Factual and Procedural Background

On December 12, 2003, Plaintiff obtained a mortgage loan from Pioneer Mortgage ("Pioneer") in the amount of $231,200.00. (Compl. Ex. A; *see also* Def.'s Mot. Ex. A.) As security for the loan, Plaintiff executed a promissory note in the amount of the loan and granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc.

("MERS"), as nominee for Pioneer and Pioneer's successors and assigns. (*Id*.) The mortgage was recorded with the Wayne County Register of Deeds on January 5, 2004. (*Id*.) Plaintiff alleges that her mortgage note was securitized. (*See* Compl. ¶ 15.) On January 14, 2008, MERS assigned the mortgage to Fidelity. (Def.'s Mot. Ex. B.) The assignment to Fidelity was recorded with the Wayne County Register of Deeds on February 8, 2008. (*Id*.)

Plaintiff defaulted on the loan and Fidelity thereafter initiated foreclosure by advertisement proceedings with respect to the Property. (Compl. ¶ 31, Ex. B.) A foreclosure/housing counselor notice was published in the Detroit Legal News on January 15, 2010. (*Id*. Ex. B.) On June 14, 21, and 28 and July 5, 2010, notice of the foreclosure sale also was published in the Detroit Legal News. (*Id*.) The notice of foreclosure sale was posted at the Property on June 18, 2010. (*Id*.) A sheriff's sale occurred on July 14, 2010, with Fidelity successfully bidding on the Property. (*Id*.)

The redemption period with respect to the Property expired on January 14, 2011, with Plaintiff failing to redeem. (*Id*.; *see also* Def.'s Mot. Ex. C at 9.) Fidelity then initiated summary proceedings in Michigan's 28th District Court to obtain possession of the Property. The state district judge entered a judgment of possession on February 23, 2011. (Def.'s Mot. Ex. D.)

Plaintiff thereafter filed an appeal to the circuit court in which she challenged the foreclosure based on the Michigan Court of Appeals' decision in *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2011). (Compl. ¶¶ 35, 36.)

After the Michigan Supreme Court reversed the court of appeals' decision in *Saurman*, 490 Mich. 877, 803 N.W.2d 693 (2011), the circuit court affirmed the lower court's judgment of possession with respect to the Property. (Def.'s Mot. Ex. E.) Plaintiff filed a motion for reconsideration, which the circuit court denied on November 9, 2012. (*Id*. Ex. F.) As indicated earlier, on November 13, 2012, Plaintiff filed the current action in which she alleges a single claim to quiet title to the Property.

On November 25, 2012, Plaintiff filed an emergency motion for a preliminary injunction to stay the state court eviction proceedings. Finding that Plaintiff is not likely to succeed on the merits of her quiet title claim, this Court issued an opinion and order denying the motion on November 30, 2012. As indicated above, in the interim, Defendant had filed the pending motion to dismiss.

**II. Rule 12(b)(6) Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66).

## III. Applicable Law and Analysis

Again, Plaintiff asserts only a quiet title claim in her Complaint. In Michigan, quiet title actions are statutory in nature. The law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]" Mich. Comp. Laws § 600.2932(1). To properly allege a quiet title claim, a plaintiff must meet the requirements set forth in Michigan Court Rule § 3.411. This rule provides that a plaintiff must allege: (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim. M.C.R. § 3.411(B)(2). These requirements place the burden of proving a *prima facie* case of title on the plaintiff. *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (1984) (citation omitted). "Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed." *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.).

The allegations in Plaintiff's Complaint, taken with the public records attached thereto and to the parties' pleadings,[1] establish that Fidelity acquired title to the Property through the July 14, 2010 sheriff's sale. Plaintiff essentially claims that her prior title to

---

[1]"[C]ourts may ... consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies" without converting a motion to dismiss to one for summary judgment. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999).

the Property was never extinguished and is superior because Fidelity lacked an interest in the mortgage necessary to give it standing to bring the foreclosure proceedings that led to this sale. She identifies three reasons for why she believes Fidelity's interest in the mortgage was rendered invalid: (1) the securitization process which severed the ownership interest in the promissory note from the mortgage; (2) violations of the Pooling and Servicing Agreement; and (3) violations of Michigan's Uniform Commercial Code ("UCC"). For the reasons that follow, none of Plaintiff's arguments are sufficient to set aside the foreclosure and thus Fidelity's title to the Property which it acquired through the foreclosure process.

In Michigan, statutory law governs foreclosure sales by advertisement. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the" entire process. *Id*. (citing Mich. Comp. Laws § 600.3201 *et seq.*). Mortgagors may redeem the foreclosed property within six months of a sheriff's sale. Mich. Comp. Laws § 600.3240(8). If no redemption is made, the sheriff's deed "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]" *Id*. § 600.3236.

In *Piotrowski v. State Land Office Board*, the Michigan Supreme Court held that mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption." 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942). This rule of law– holding that absolute title vests in the purchaser at the foreclosure sale upon

expiration of the redemption period– has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period." *Hall v. Green Tree Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases).

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if the plaintiff makes "a clear showing of fraud, or irregularity" by the defendant. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Notably, the purported fraud or irregularity must relate to the foreclosure procedure itself. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure). Because the redemption period has expired in this case, Plaintiff must make a plausible showing of fraud or irregularity to state a claim for the relief sought.

Plaintiff's argument that Fidelity lacked standing to initiate foreclosure proceedings because its interest in the mortgage was invalidated by the securitization process which split the note from the mortgage lacks merit and therefore does not show

fraud or an irregularity with respect to those proceedings. As indicated in this Court's decision denying Plaintiff's motion for a preliminary injunction, because Plaintiff raised this challenge in the state courts and it was rejected by the circuit court, she is barred from re-litigating the issue here. In any event, the Michigan Supreme Court and courts in this District have found no merit to such claims. *See, e.g., Saurman*, 490 Mich. at 910, 805 N.W.2d at 185 ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands."); *Jones v. Bank of Am., N.A.*, No. 12-11608, 2012 WL 5412236, at *3-4 (E.D. Mich. Nov. 6, 2012) (citing cases); *Skrine v. Wells Fargo Bank, N.A.*, No. 12-12916, 2012 WL 5265750, at *3 (E.D. Mich. Oct. 24, 2012) (citing *Leone v. Citigroup, Inc.*, No. 12-10597, 2012 WL 1564698, at *3-4 (E.D. Mich. May 2, 2012)).

Plaintiff fails to articulate what specific violation(s) of the Pooling and Servicing Agreement occurred and how those violations invalidated Defendant's interest in the mortgage. Her arguments regarding the UCC relate to the ability to split the note and the mortgage. Again, under Michigan law, they can be split and the mortgagee can initiate foreclosure proceedings under Michigan's foreclosure statute even if it does not also hold the note. *See supra*. In short, these arguments do not establish a fraud or irregularity sufficient to set aside the foreclosure and thus to revoke Defendant's title to the Property.

For these reasons, the Court concludes that Plaintiff fails to plead a viable quiet title claim.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

Dated: February 21, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Patrick J. Politano, Esq.
Courtney A. Krause, Esq.